UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
━━━━━━━━━━━━━━━━━━━━━━━━━━━━X

ADAM GILLAM, *individually and on behalf of
all others similarly situated,*

                          Plaintiff,

       -against-

RELIANCE FIRST CAPITAL, LLC,

                        Defendant.

━━━━━━━━━━━━━━━━━━━━━━━━━━━━X

For Online Publication Only

FILED
CLERK

4:35 pm, Feb 22, 2023

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**ORDER**
21-CV-4774 (JMA) (JMW)

**AZRACK, United States District Judge:**

      Before the Court is the motion filed by Defendant Reliance First Capital, LLC ("RFC" or "Defendant") that seeks dismissal for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), or in the alternative, to strike certain allegations from the Complaint pursuant to Fed. R. Civ. P. 12(f). (See ECF No. 19 (Defendant's Motion)). For the reasons set forth herein, the Court GRANTS Defendant's motion, and dismisses the Complaint with prejudice.

## I. BACKGROUND

      The following facts, set forth in the Complaint and the attached exhibits, are presumed true for purposes of Defendant's motion to dismiss.

      Plaintiff Adam Gillam ("Gillam" or "Plaintiff") is an individual who resides in Elwood, Indiana. (See Complaint ("Compl.") ECF No. 1, ¶ 1.) Defendant RFC is a Delaware-registered limited liability company headquartered in Melville, New York. (Id. ¶ 2.) RFC is a telemarketing company that "sell[s] home loans and refinancing plans to consumers." (Id. ¶¶ 16-17.)

Plaintiff alleges that, on or about February 22, 2017, he registered his cell phone number[1] on the National Do Not Call ("DNC") registry.[2]  (Id. ¶ 23.)  According to Gillam, his cell phone number "is not associated with a business, has never been held out by Plaintiff to the public, and is primarily for personal use."  (Id. ¶ 24.)  Between January 20 and August 3, 2021, Plaintiff received, but did not answer, any of the approximately seventeen (17) calls originating from the same number – (877) 271-3082.  (Id. ¶ 26.)  On or about August 4, 2021, Gilliam received another call from the same phone number, but this time answered the call and "spoke to an agent who was soliciting refinancing products and identified their company as [Defendant]."  (Id. ¶ 28.)  Gillam instructed the agent to "stop calling him," which RFC did.  (Id.)

Plaintiff initiated this action on August 24, 2021.  (See Compl.)  The Complaint asserts a single claim on behalf of Gillam and a putative class[3] against RFC, for its purported violation of their rights under Section 227(c)(5) of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, et seq.  (Id.)  In the Complaint, Gillam seeks injunctive, statutory, compensatory, and declaratory relief.  (Id.)

For the following reasons, the Court finds that Plaintiff has failed to sufficiently plead facts to support his TCPA cause of action.  The Court grants Defendant's motion to dismiss and dismisses Plaintiff's Complaint with prejudice.

---

[1] Plaintiff does not include his cell phone number in the Complaint or his opposition to Defendant's motion to dismiss.

[2] The National DNC Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See Compl. ¶ 6; 47 C.F.R. § 64.1200(c)(2).

[3] Gillam seeks to certify the "Do Not Call Registry Class" ("DNC Registry Class"), consisting of "[a]ll persons in the United States who from four years prior to the filing of this action through trial (1) Defendant (or an agent acting on behalf of the Defendant) called more than one time, (2) within any 12-month period, (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant called Plaintiff." Compl. ¶ 31.

## II. DISCUSSION

### A.  Legal Standard

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege sufficient facts "to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is facially plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).  Mere labels and legal conclusions will not suffice.  Twombly, 550 U.S. at 555.  In reviewing a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  See Dobroff v Hempstead Union Free School Dist., No. 21-cv-1567, 2022 WL 4641128, at *4 (E.D.N.Y. Sept. 30, 2022) (citing Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006)).  A court may also consider materials attached to the complaint, materials integral to the complaint, and materials incorporated into the complaint by reference.  See Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004).

### B.  Plaintiff's Telephone Consumer Protection Act Claim

Under the TCPA, it is generally unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—to any…cellular telephone service [or] residential telephone line[.]"  47 U.S.C. § 227(b)(1)(A)-(B); Jennings v. Cont. Serv. Group, Inc., 239 F. Supp. 3d 662, 665 (W.D.N.Y. 2017) (quoting Physicians Healthsource, Inc. v. Boehringer Ingelheim Pharm., Inc., 847 F.3d 92, 94-95 (2d Cir. 2017)) ("The [TCPA] creates a private right of action, providing for statutory damages in the amount of $500

for each violation as well as injunctive relief against future violations.").

Where, as here, a plaintiff asserts a cause of action pursuant to Section 227(c)(5) of the TCPA ("Section 227(c)(5)"), that plaintiff must allege that the defendant:  (1) initiated more than one "telephone solicitation call" within a 12-month period; (2) to a "residential telephone subscriber who has registered his or her telephone number" on the National DNC registry; (3) without the prior consent of the recipient.  See Sterling v. Securus Tech., Inc., No. 18-cv-1310, 2019 WL 3387043, at *5-6 (D. Conn. Jul. 26, 2019) (citing Jennings, 239 F. Supp. 3d at 665); 47 U.S.C. § 227(b)(1)(A)-(B), (c)(5); 47 C.F.R. § 64.1200(c)(2).

Defendant seeks dismissal of the Complaint based on Plaintiff's purported failure to sufficiently allege that he:  (1) received more than one RFC-initiated "telephone solicitation" in a 12-month period; and (ii) is a "residential telephone subscriber" under Section 227(c)(5).  The Court agrees and dismisses Plaintiff's Complaint with prejudice.

### 1. Plaintiff Does Not Plausibly Allege That He Received More Than One "Telephone Solicitation" in a 12-Month Period

Defendant initially contends that Gillam's TCPA claim should be dismissed with prejudice based on his failure to sufficiently allege that he received more than one RFC-initiated "telephone solicitation" in a 12-month period.  See 47 C.F.R. § 64.1200(c).  Under the TCPA's promulgating regulations, a "telephone solicitation" means "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." Id. § 64.1200(f)(15).  A telephone solicitation does not, however, include "a[ny] call or message [t]o any person with that person's express invitation or permission, [or] [t]o any person with whom the caller has an established business relationship."  Id. §§ 64.1200 (f)(5) & (f)(15).  A review of the Complaint reveals Plaintiff's failure to adequately plead these facts.  Indeed, the Complaint does not allege that:  (1) Plaintiff had not previously invited or permitted Defendant to call him

and that (2) he and RFC lacked an "established business relationship" prior to the receipt of any calls from RFC's agent(s).[4]  See Compl. ¶ 17.

Plaintiff has similarly failed to allege sufficient facts regarding the content of the calls from which the Court could infer that the purpose of the calls was to encourage "the purchase or rental of, or investment in, property, goods, or services."  47 C.F.R. § 64.1200 (f)(15).  Rather, Plaintiff merely concludes, without any factual support, that an RFC agent "solicit[ed] refinancing products" on the August 4, 2021 telephone call.  Compl. ¶ 28.  When faced with similarly deficient complaints, courts within and outside of this Circuit have dismissed the complaints without prejudice, and with leave to amend.  See Sterling, 2019 WL 3387043, at *10 (dismissing TCPA claim without prejudice and with leave to file an amended complaint, assuming "Plaintiffs [could] cure the deficiencies of their TCPA claims."); Gulden v. Consol. World Travel Inc., No. 16-cv-01113, 2017 WL 3841491, at *3 (D. Ariz. Feb. 15, 2017) (same); Jackson v. Caribbean Cruise Line, Inc., 88 F. Supp. 3d 129, 140 (E.D.N.Y. 2015) (same).

Additionally, while Plaintiff alleges receiving multiple calls, he only alleges answering one call and having one conversation with an RFC representative.  See Compl. ¶¶ 25-28.  Even if the Court were to assume arguendo that Plaintiff had sufficiently pled receipt of a telephone solicitation on August 4, 2021, his failure to plausibly plead receipt of at least one additional telephone solicitation from an RFC agent within the requisite 12-month period is fatal to his Section 227(c)(5) cause of action.  See 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(f)(15).  Plaintiff's contention that the Court should consider the other calls received by Gillam as "telephone solicitations" because they were allegedly "close in time to and from the same telephone numbers" as the August 4, 2021 telephone solicitation, is unavailing.  See ECF No. 21

---

[4] Plaintiff's reliance on paragraphs 19-21 of the Complaint is misplaced. Specifically, those paragraphs contain general allegations about the class and do not specifically address Plaintiff.

(Pl. Opp.) at 2; <u>Nicholas Greene v. Select Funding, LLC</u>, No. 2:20-cv-7333, 2021 WL 4926495, at *5 (C.D. Cal. Feb. 5, 2021) (dismissing plaintiff's complaint because he "only alleged one telephone solicitation" because "more than one telephone solicitation is needed to trigger a violation" and the plaintiff failed to allege "the content of the other calls that would allow the Court to reasonably infer that these other calls were solicitations.")  Even assuming the accuracy of the screenshot of the call log included in Plaintiff's Complaint, Gillam did not actually <u>engage</u> with any of RFC's purported representatives until the August 4, 2021 call.   <u>See</u> Compl. ¶ 26. Specifically, the call log shows, with the exception of the August 4, 2021 call, that the other calls were "blocked," "missed call[s]" or "declined call[s]."  As such, Plaintiff has not plausibly alleged that these prior calls were "telephone solicitation[s]" under Section 227(c)(5).  <u>See</u> <u>Greene</u>, 2021 WL 4926495, at *5.  As Plaintiff has failed to plausibly allege this element of his claim, the Court grants Defendant's motion to dismiss.

### 2.   <u>Plaintiff Does Not Plausibly Allege That He is a "Residential Telephone Subscriber"</u>

On its face, Section 227(c) applies only to "residential" telephone subscribers.  <u>See</u> 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c).  While multiple federal courts have found that a cellular telephone subscriber may satisfy Section 227(c)'s "residential telephone subscriber" element, a plaintiff must plausibly allege facts establishing that his cellular telephone is actually used for "residential purposes."  <u>See</u>, <u>e.g.</u>, <u>Marks v. Unique Lifestyle Vacations, LLC</u>, No. 20-cv-4915, 2021 WL 5495778, at *3 (E.D. Pa. Nov. 22, 2021) ("A plaintiff may provide specific facts to support his allegation that his cell phone is residential under the TCPA. However, it is not required that a plaintiff provide extensive detail to state a plausible claim as to the residential character of his cell phone."); <u>Strange v. ABC Co.</u>, No. 19-cv-1361, 2021 WL 798870, at *4 (W.D. La. Mar. 1, 2021) (citing <u>Cunningham v. McDonald</u>, No. 15-cv-215, 2018 WL 6737418, *2 (M.D.

Tenn. Nov. 5, 2018) ("While a person utilizing a cellular phone may fall within the definition of a 'residential telephone subscriber' under the act, Plaintiff's pleadings allege only that calls were made to his cellular phone and he has pled no facts or offered evidence sufficient for the court to draw the conclusion that he has stated a cause of action under subsection (c)(5)")). A plaintiff's failure to do so renders his Section 227(c)(5) claim(s) vulnerable to dismissal. See Kemen v. Cincinnati Bell Tel. Co. LLC, No. 22-cv-152, 2023 WL 361136, at *5 (S.D. Ohio Jan. 23, 2023) (finding a TCPA claim inadequately pled without allegations showing residential use); Hicks v. Alarm.com, Inc., No. 20-cv-532, 2020 WL 9261758, at *5 (E.D. Va. Aug. 6, 2020) (same).

Based on the above caselaw, the Court finds that Gillam has failed to sufficiently plead that he was, at the time of the calls in question, a "residential telephone subscriber." Here, Plaintiff's Complaint contains conclusory allegations that his cell phone number was not "associated with a business, has never been held out by Plaintiff to the public, and is primarily for personal use," he fails to specifically allege any facts from which the Court could infer that the phone number is used for residential purposes. (See Compl. ¶ 24). This deficiency is similar to the plaintiff's pleading miscues in Hicks, where that court dismissed the plaintiff's Section 227(c) claim based on the plaintiff's failure to articulate – despite his allegations that the subject cell phone number was "not associated with a business" and was "for personal use" – any factual support for the "residential telephone subscriber" element of his Section 227(c) claim. Hicks, 2020 WL 9261758, at *5. The Court similarly finds that Gillam has failed to sufficiently plead this additional element of his Section 227(c) claim. Accordingly, the Court grants Defendant's motion to dismiss.[5]

---

[5] Based on the Court's above findings and dismissal of Plaintiff's Complaint with prejudice, it is unnecessary to address Defendant's motion to strike certain portions of the Complaint, which the Court denies as moot. See Kemen, 2023 WL 361136, at *5; Smith v. Direct Bldg Supplies, LLC, No. 20-cv-3583, 2021 WL 4623275, at *4 (E.D. Pa. Oct. 7, 2021).

<u>**CONCLUSION**</u>

For the foregoing reasons, the Court finds that Plaintiff has failed to allege sufficient facts to support his one-count TCPA Complaint.  The Court grants Defendant's motion to dismiss and dismisses Plaintiff's Complaint with prejudice.  The Clerk of the Court is respectfully directed to close the case.

**SO ORDERED.**

Dated:  February 22, 2023
        Central Islip, New York

                                      _____/s/ (JMA)_____
                                        JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE